# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| CEYLON BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-35-PPS-MGG |
| | ) |
| REGIS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Ceylon Barnes, a *pro se* plaintiff, filed a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1, 2.] Because she is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus* , 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Here, Barnes' complaint suffers from a fatal flaw, which is that it exceeds the scope of her charges filed with the EEOC. A right-to-sue notice from the EEOC is a prerequisite to bringing suit, and the right-to-sue notice that forms the basis for a plaintiff's complaint must relate to the facts alleged before the EEOC.

*Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). In this action, the relevant right-to-sue notice addresses Barnes' claim that she was fired in retaliation for earlier charges of discrimination filed against her employer and is not identified as a continuing action. [DE 3 at 32.] Her operative charge, therefore, is based on the Defendant's <u>retaliation</u>. The complaint before me, however, appears to be bringing an action based on the earlier underlying discrimination that resulted in Barnes filing two earlier charges of discrimination, which the operative charge alleges were the impetus for her retaliatory firing. While the background provided in the complaint is useful, Barnes may now only bring an action based on her most recent charge of discrimination filed with the EEOC for which she received a right-to-sue notice. As it stands now, her complaint does not state a claim for retaliation for filing the two earlier charges of discrimination. Rather, it states claims of discrimination that were raised in earlier charges of discrimination and, therefore is beyond the scope of the right-to-sue notice and mandates dismissal. Furthermore, an action based on her two earlier charges of discrimination would be time barred.

But because Barnes' is *pro se* and might have a viable claim based on her most recent EEOC right-to-sue notice, I will give her a single opportunity to file an amended complaint to clarify her claim. In addition, because I am granting her leave to amend, I will raise an additional issue that she will need to address if she chooses to amend her complaint. On its face, Barnes' complaint appears to be time barred, but a closer glance reveals that it may not be. Title VII and ADA claims are subject to dismissal on the grounds that a complaint has not been filed within the 90-day limit that begins to run

when the plaintiff or her attorney receives notice from the EEOC of the right to sue. *See* 42 U.S.C. § 2000e–5(f) (1); 42 U.S.C. § 12117(a) (adopting the charge-filing requirements and enforcement mechanism of Title VII in ADA cases). The receipt of a right-to-sue notice by a claimant or her attorney starts the 90–day period within which a plaintiff has to file a cause of action under Title VII or the ADA. *Threadgill v. Moore, U.S.A. Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001). Courts strictly enforce this 90-day limit. *See, e.g., Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) ("The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal.").

Generally, the "[e]xpiration of a statute of limitations is an affirmative defense, but when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Curry v. Advocate Bethany Hosp.*, 204 Fed. App'x 553, 557 (7th Cir. 2006) (internal quotations omitted). It is true that Barnes stated in her Complaint that she *received* the EEOC notice on October 17, 2017. But this is plainly contradicted by the notice itself, which states that it was *mailed* on October 19, 2017. Clearly Barnes could not have received the notice before it was sent and it is far from uncommon for pro se litigants to confuse the date of the *receipt* of the EEOC notice with the date of *mailing*. That said, the issue remains of what day Barnes received the notice. Given that she filed this action on January 19, 2018, any receipt date *before* October 21, 2017 would make this action time barred. As such, Barnes should address this issue in her amended complaint or run the risk of this action being dismissed as time barred.

ACCORDINGLY, the Court:

(1) **GRANTS** Ceylon Barnes until **May 1, 2018**, to file an amended complaint; and

(2) **CAUTIONS** Ceylon Barnes that if she does not amend her complaint by that deadline, this case may be dismissed without further notice.

**SO ORDERED.**

ENTERED: April 3, 2018.

                                   s/ Philip P. Simon
                                **PHILIP P. SIMON, JUDGE**
                                **UNITED STATES DISTRICT COURT**